# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:09CR52 |
| | § | |
| EDUARDO FRANCISCO ALVARADO (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 8, 2014, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Kevin McClendon.

On October 20, 2009, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of 24 months imprisonment followed by a three-year term of supervised release for the offense of Possession of a Firearm by a Felon. Defendant began his term of supervision on February 16, 2012.

On September 11, 2014, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 31). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days

1

of each month; (3) Defendant shall notify the probation officer ten days prior to any change of residence or employment; and (4) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (5) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (6) Defendant shall be required to complete his General Educational Development Certificate (GED).

The Petition alleges that Defendant committed the following violations: "(1) On March 23, 2013, Defendant was arrested in Denton county by the Texas Department of Public Safety for engaging in organized criminal activity. On July 19, 2013, Defendant was formally charged in the 158th Judicial District Court, Denton County, Texas, with theft, a state jail felony, in Case Number F-2013-1400-B. Additionally, on June 3, 2014, Defendant was indicted in the 296th Judicial District Court, Collin County, Texas, for engaging in organized criminal activity, a first degree felony, in Case Number 416-81350-2014; (2) Defendant failed to submit a written report within the first five days of the month during the months of July, August, and September 2014. Attempts to locate Defendant have been unsuccessful, and his current whereabouts are unknown; (3) On July 30, 2014, the probation officer conducted an employment visit at Northstar Ceramic in Dallas, Texas, Defendant's last reported place of employment. During the visit, Defendant's employer stated that Defendant was laid off from his job on July 21, 2014, and is no longer working there. Defendant failed to report this change in employment status; (4) On August 24, 2013, Defendant had contact with officers from the Plano Police Department after he was suspected of engaging in organized retail theft. During the contact, it was learned (sic) that Defendant was associating with Arturo Sandoval, Jr., a convicted felon, who was also a participant in the retail theft. Defendant did not

have permission to associate with Arturo Sandoval, Jr.; (5) On August 24, 2013, Defendant had contact with officers from the Plano Police Department after he was suspected of engaging in organized retail theft. Defendant was questioned by officers and released to the public. Defendant failed to notify the U.S. Probation Office within 72 hours of this police contact; and (6) Defendant has failed to participate in a GED program despite being told numerous times from his officer that he do such."

At the hearing, Defendant entered a plea of true to allegations two through six and not true to allegation one. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the October 8, 2014 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty (20) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Seagoville, Texas, if appropriate.

**SIGNED this 20th day of October, 2014.**

                                                                        DON D. BUSH
                                                                         UNITED STATES MAGISTRATE JUDGE